(No. 4248▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

FRANK PEOPLES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1950.*

J. P. WILAMOSKI AND YOUNG & YOUNG, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant was employed by the Division of Highways as a common laborer with earnings of $1,727.90 in the year preceding his injury.

Claimant was injured on December 18, 1948, while plowing snow on U. S. Route 34 in Henry and Bureau Counties. He was operating hydraulic controls on the plow when the truck overturned and was rolled about in the cab and was wedged behind the steering wheel. A part of the steering wheel and column had to be cut off before he could be removed.

Claimant was taken to a hospital and seen by Dr. Bertelsen and Dr. Hoffman. A report by Dr. Bertelsen showed he treated claimant for a laceration over left eye, possible head injuries and bruises. He was seen by Dr. Smith, an eye specialist, on January 7, 1949, for a tearing of the left eye. Dr. Smith reported claimant had a partial facial paralysis and considerable tenderness over the maxillary and nasal bones. Dr. Smith estimated it would be six months before claimant would be in very good shape.

The departmental report showed claimant was seen on February 18, 1949, by a representative of the Division of Highways, and found claimant complaining of back pains. An examination by Dr. Hugh Cooper, a specialist in orthopedics, at Peoria, was made on February 22, 1949. Dr. Cooper reported claimant was extremely neurotic, shaky and nervous and upset over his injury.

Dr. Bertelsen saw claimant again on April 18, 1949, and reported claimant was an elderly, worried looking, and excitedly complaining man; that he complained of watering and burning of left eye, a burning sensation

and a deformity of the left temple, a mass in the throat in the thyroid region which sometimes shuts off his breath, a sore on the left edge of the lips, right shoulder pains at night and severe right groin soreness keeping him awake, swollen right testicle, numbness of the three lateral toes of the left foot, severe nervousness and shaking which was most marked on the right side. The doctor made a physical examination and gave his impression as follows:

1. Block of tear duct in left eye.
2. Mild arthritic changes.
3. Early extrapyramidal tract degeneration (Parkinsonism).
4. Acute anxiety neurosis.

Claimant was sent by the department to Dr. Baer, a psychiatrist, at Peoria on April 29, 1949. Dr. Baer made the following report:

"The neurological examination reveals residuals of a left facial paralysis, rhythmical tremor of both upper extremities more marked on the right side, increased blood pressure 190/110 and tenderness in the left frontal area and over scars of his abdomen.

"The psychiatric examination reveals marked emotional instability, fearfulness, anxiety, depression, and increased tenderness."

Dr. Baer concluded claimant had both neurological and psychiatric complications following trauma *that was completely incapacitating* at the time.

Claimant was sent to the Illinois Neuropsychiatric Institute at Chicago on June 20, 1949. He was discharged from the hospital on August 12, 1949. A complete report of his condition was reported by the hospital director on August 19, 1949, with the following diagnosis:

1. Traumatic Neurosis.
2. Diabetes Mellitus.
3. Hypertension.

and with the following report:

"At time of discharge on August 12, 1949, he continued to offer his multiple complaints and evidenced no basic improvement. It is considered doubtful if he will ever recover sufficiently to cope with his

responsibilities of employment. Certainly, he is not fit for work in his present state."

Dr. Hoffman reported on August 29, 1949, that claimant was very emotional.

Claimant testified on February 17, 1950, he was never sick a day in his life until his injury. That since the injury he has not been able to work. That it was stipulated on the trial that claimant had palsy in his right arm called Parkinson shaking. That claimant was 61 years of age and was unable since the injury to perform the sex act.

No jurisdictional questions were raised.

From all of the testimony in the record the Court concludes that claimant has complete disability, which renders him wholly and permanently incapable of work.

The record shows claimant was paid compensation from the date of the injury to September 30, 1949, in the amount of $796.75.

The testimony on the hearing was transcribed by William J. Cleary Co., who has submitted a statement of $47.00 for such services. This charge is reasonable.

All medical and hospital expenses have been paid by the State.

An award is therefore entered in favor of the claimant, Frank Peoples, in the amount of $5,200.00. Of this $796.75 has been paid to and including September 30, 1949, leaving a balance of $4,403.25, which is payable at the rate of $19.50 a week commencing on October 7, 1949, of which the sum of $682.50 has accrued to June 3, 1950. The balance of $3,720.75 to be paid at the rate of $19.50 for a period of 190 weeks commencing June 10, 1950, with one final payment of $15.75.

And thereafter a pension for life equal to 8% of

$5,200.00, or the sum of $416.00 payable annually in monthly installments of $34.66.

An award in the amount of $47.00 for stenographic services to William J. Cleary Co.

Future payments of compensation being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, the jurisdiction of this cause is specifically reserved for the entry of such further orders as from time to time may be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."